# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ANGEL LOPEZ**                                    Case No.

Plaintiff,                                          HON:

vs.

**CITY OF WYANDOTTE,**
**And;**
**DETECTIVE JOSEPH CARR,**
**OFFICER AARON WORLEY,**
**OFFICER JORDAN JUDGE,**
**OFFICER MAX SASU,**
**DETECTIVE SERGEANT KEN GROAT,**
**CHIEF BRIAN ZALEWSKI in individual and official capacity,**

Defendants.

_____/

DANIEL G. ROMANO (P49117)
ROMANO LAW, PLLC
Attorneys for Plaintiff
30300 Telegraph Rd., Ste. 125
Bingham Farms, MI 48025
(248) 750-0270 / FAX (248) 936-2105
dromano@romanolawpllc.com
kshea@romanolawpllc.com – Asst.

_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING
OUT OF THE SAME TRANSACTION OR OCCURRENCE ALLEGED IN THE
COMPLAINT.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, ANGEL LOPEZ, by and through his attorneys, ROMANO LAW PLLC, and for his complaint against the above-named Defendants, state as follows:

1. Plaintiff is a resident of the City of Detroit. County of Wayne, State of Michigan.

2. Defendant City of Wyandotte is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. Defendants DETECTIVE JOSEPH CARR. OFFICER AARON WORLEY, OFFICER JORDAN JUDGE, OFFICER MAX SASU, DETECTIVE SERGEANT KEN GROAT, AND CHIEF BRIAN ZALEWSKI are and/or were police officers employed by the City of Wyandotte and/or its police department and were acting under color of law, in their individual and official capacities, and within the course and scope of their employment at all times mentioned herein.

4. All relevant events giving rise to this lawsuit occurred in the City of Wyandotte, County of Wayne, State of Michigan.

2

5. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment of the United States Constitution and the Fourteenth Amendment Due Process Clause, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. Sections 1981, 1983 and 1985.  Plaintiff also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. Section 1331 [federal question], 28 U.S.C. Section 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS:

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on or about June 27, 2020, at approximately 2:33 p.m., Plaintiff Angel Lopez was driving in the City of Wyandotte when he was involved in a collision with Alan Stevens, resulting in Mr. Stevens's death.

10. Plaintiff Lopez was wrongly charged with a moving violation resulting in death.

11. No complaint was authorized until April 25, 2022, despite all evidence to the contrary. Trenton Police Corporal Aaron Biniarz analyzed the speed of the motorcycle by two distinct algorithms. The Closing Speed from Delta-V calculation has the decedent traveling at 56.32 miles per hour. The Wheelbase Deformation Formula determined that Stevens's motorcycle was traveling at 56.32 miles per hour AT IMPACT, the speed limit posted on Northbound Fort Street is 45 miles per hour.

12. Decedent would have been going well over impact speed before impact as he did attempt to stop before *on a motorcycle that can stop from sixty in less than 90 feet, yet he only slowed to 56.35 mph, eleven mph in excess of the posted limit.*

13. This was known information before any complaint was issued, and this evidence was left out of the warrant request.

LAW OFFICES
ROMANO LAW, PLLC

14. Defendant Carr, and Defendant Zalewski did not indicate in the warrant request, sought 2 years after the accident, that the motorcycle was speeding. Indeed, in several documents the officers said the opposite.

15. Defendants repeatedly reasserted the lie that the "speed of the motorcycle was not a factor".

16. Many defendants testified that the decedent did not break the law.

17. That the defendants misled the court indicating in documentary evidence that Plaintiff struck the decedent.

18. That despite their own accident reconstructionist clearly telling Wyandotte that the decedent was the cause of the accident, Defendants tortured Plaintiff by delaying the matter for nearly two years and filed a charge of motor vehicle accident causing death pursuant to MCL 257.601(d) (1).

19. Wyandotte Police Department was acting in malice and without evidence to charge a father and a hard worker with a moving violation resulting in death.

20. Inexplicitly, defendants conspired to delay the specious prosecution and despite their own investigation showing that the decedent was at fault, they sought a warrant anyway.

5

21. That the warrant requests did not specifically state the exculpatory findings of Downriver Accident Reconstructionist Trenton Corporal Aaron Biniarz opinion to that the motorcycle was 11 mph over the speed limit AT IMPACT which by laws of physics proves he was well in excess of 11 mph over before he broke.

22. Yet defendants were undaunted and forged ahead to prosecute an innocent man.

23. On June 13, 2022, the complaint against Lopez was issued, on June 15, 2022, a fingerprint order was issued, then on July 21, 2022, Lopez had his arraignment.

24. The bond was $50,000.00, and even though it was a financial hardship, the bond was posted so he could be out and continue supporting his family.

25. There was another arraignment on August 18, 2022, and trial was set for September 15, 2022.

26. On November 3, 2022, a Motion was heard.

LAW OFFICES
ROMANO LAW, PLLC

6

27. On November 17, 2022, the results were favorable for Lopez, he was found not guilty. There was evidence of malicious prosecution, false arrest, wrongful search and seizure, and wrongful incarceration.

28. Many Defendants testified at trial despite knowing they were wrong.

29. That the trial court GRANTED DIRECTED VERDICT.

30. That trial counsel spoke with the jury after, and they were ready to acquit.

31. Now Plaintiff seeks civil justice for defendants' conspiracy to violate his civil rights.

32. That as a direct result of Defendants' violations of Plaintiff's federal civil rights , including unreasonable search and seizure, and malicious prosecution caused Plaintiff suffered physical and emotional injuries and damages, including, but not limited to, emotional injuries, fright, humiliation, embarrassment, shock, humiliation, embarrassment, and pain and suffering, which continue today.

33. That Plaintiff incurred legal fees in excess of $20,000.00 (Twenty Thousand Dollars), lost work, and other economic loss.

7

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against Defendants, for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

### COUNT I: VIOLATION OF THE FOURTH AMENDMENT, FOURTEENTH  42 US.C. SECTION 1983 UNREASONABLE SEARCH AND SEIZURE, MALICIOUS PROSECUTION, CVIL CONSPIRACY PURSUANT 42 SECTIONS 1983 AND 1985 AGAINST DEFENDANTS

34. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. That the Civil Rights Act, 42 USC 1983 provides for civil liability of the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

36. That Defendants, by virtue of his purported authority as a Police Officers, unlawfully performed an unreasonable search and seizure on Plaintiff by use of criminal process.

37. Defendants opened a case on June 27, 2020, sought a warrant to charge on April 22, 2022, filed a criminal complaint on June 13, 2022, and caused

8

Plaintiff to face a trial ending on November 17, 2022, him in violation of the United States Constitution and state laws.

38. That the Defendants' action seized him wrongfully by legal process for more than two and a half years and their actions were intentional, malicious, and punitive.

39. Defendants' actions were objectively unreasonable and in violation of clearly established law and as such he is not entitled to qualified immunity.

40. As the direct and proximate result of Defendants' conspiracy subjecting Plaintiff to deprivation of his constitutional rights to be free from unreasonable seizures and malicious prosecution, Plaintiff has suffered and will continue to suffer mental and emotional anguish, physical and emotional pain and suffering, including but not limited to, scarring, loss of enjoyment of life, humiliation, degradation, fright, shock, economic and consequential damages, financial damages, and physical injuries and other damages that may be discovered throughout the course of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendants in their individual and official

9

capacities, for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

## COUNT II: DEFENDANT CITY OF WYANDOTTE CONSTITUTIONAL VIOLATIONS OF PLAINTIFF'S RIGHTS

41. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

42. The Fourth Amendment and Fourteenth Amendment prohibition against unreasonable seizures forbids police officers from the use of excessive force against citizens.

43. Defendant City has permitted customs, practices, and/or policies which resulted in the violations of Plaintiffs' constitutional rights complained of herein.

44. Defendant City in this case participated through com, upon information and belief, had knowledge that there was a participation of command officers in this conspiracy to violate Plaintiff's civil rights pattern of its officers,

10

including one or more of its officers, repeatedly violating citizens' constitutional rights in the manner alleged supra.

45. Defendant City of Wyandotte's lack of training, investigation, supervision, monitoring, and disciplining of its officers was the motivating factor driving the violation of Plaintiff's civil rights.

46. As a direct and proximate result of the deliberate indifference of Defendant City's to the rights of citizens, Plaintiff suffered a deprivation of his constitutional rights resulting in injury as more fully described above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor against the Defendant City of Wyandotte for injuries and damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

LAW OFFICES
ROMANO LAW, PLLC

## COUNT III ATTORNEY FEES PURSUANT TO 42 US.C. SECTION 1988

47. That defendants unconstitutional warrant an award for attorney fees and costs pursuant to 42 USCA section 1988

11

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award

an amount in fees and costs for prosecution on this matter.

Respectfully submitted,

BY:/s/ *Daniel G. Romano*
ROMANO LAW, PLLC
DANIEL G. ROMANO (P49117)
Attorneys for Plaintiff
30300 Telegraph Rd., Ste. 125
Bingham Farms, MI 48025
(248) 750-0270

Dated: May 4, 2023

LAW OFFICES
ROMANO LAW, PLLC

12